# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IVAN BURLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:19-cv-00728 |
| MAGAN HUMPHRIES-DIXON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Ivan Burley, a *pro se* Tennessee resident, filed a complaint against Magan Humphries-Dixon and United Parcel Service ("UPS"). (Doc. No. 1.) He also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2.)

**I.     Application to Proceed as a Pauper**

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's *in forma pauperis* application that he cannot pay the full $400.00 filing fee in advance, the application (Doc. No. 2) will be granted.

**II.    Initial Review**

The Court must dismiss any case filed *in forma pauperis* if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must construe a *pro se* complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiff alleges that he had a "post box" at a UPS store in Hendersonville, Tennessee. (Doc. No. 1 at 7.) On October 19, 2015, store employees allegedly accepted a package addressed to the "post box" but not addressed to Plaintiff. (Id.) Magan Humphries-Dixon, the "owner and operator" of the UPS store, allegedly "opened [the] package after deeming the package suspicious." (Id. at 7–8.) Upon finding a "white powdery substance" in the package, Humphries-Dixon contacted law enforcement officials. (Id. at 8.) Law enforcement officials arrived, "conducted a K-9 open air sniff of the package," got a "positive alert," and then took the package. (Id.) Plaintiff eventually had criminal charges filed against him. (Id.)

On August 13, 2019, during Plaintiff's trial on the criminal charges, Humphries-Dixon allegedly testified that she opened the package, and had opened "some 5 other packages on previous occasions," which all "resulted in criminal charges be[ing] filed." (Id. at 8–9.) According to Plaintiff, this violated federal law and UPS's terms and conditions. (Id. at 8.) Plaintiff alleges that his incarceration was the result of Humphries-Dixon's actions, and that he "was forced to allow his real estate investment business to fall into bad standing." (Id.) As to UPS, Plaintiff alleges that it was "negligent in its responsibility to ensure that its franchisees were abiding by its own policies" and federal law. (Id.) Plaintiff requests monetary damages. (Id. at 10.)

### B. Standard of Review

To determine whether a complaint "fails to state a claim on which relief may be granted" under 28 U.S.C. § 1915(e)(2)(B), the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to

relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### C. Discussion

Plaintiff asserts that the Court has both federal question jurisdiction and diversity jurisdiction over this action. (Doc. No. 1 at 3.) His precise claims are not immediately clear, but the Court liberally construes the Complaint to assert claims for the denial of Plaintiff's constitutional rights under 42 U.S.C. § 1983 (id. at 3, 10), a claim for violating the "Federal Code against Obstruction of Correspondence" (id. at 8), and a state-law claim for negligence (id. at 9–10). As explained below, however, the Court concludes that Plaintiff fails to state a federal claim for relief, the Court does not have diversity jurisdiction in this action, and the Court declines to exercise supplemental jurisdiction over any state law claims. This action will be dismissed.

#### 1. Section 1983

In the space on the Complaint form to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff writes that he suffered a violation of his Fourth, Fifth, and Eighth Amendment rights. (Doc. No. 1 at 3.) And in the attached pages following the Complaint, one of Plaintiff's claims for relief is "Deliberate Indifference" (id. at 10), which refers to part of the standard a plaintiff must satisfy for certain Eighth Amendment claims. See Rafferty v. Trumbull Cty., Ohio, 915 F.3d 1087, 1094 (6th Cir. 2019) (citations omitted) ("In some instances, the subjective prong of an Eighth Amendment

claim is satisfied by a showing of deliberate indifference, such as in cases concerning medical care, conditions of confinement, or abuse perpetrated by an inmate against another inmate."). The Court construes these references to as an attempt to bring claims under Section 1983. See Rhinehart v. Scutt, 894 F.3d 721, 735 (6th Cir. 2018) (citing Bennett v. City of Eastpointe, 410 F.3d 810, 817 (6th Cir. 2005)) ("Section 1983 provides a federal cause of action against government officials who, while acting under color of state law, 'deprived the claimant of rights, privileges or immunities secured by the Constitution or laws of the United States.'").

As Plaintiff acknowledges, this is not the first time he has attempted to bring Section 1983 claims based on the facts alleged in the Complaint. (Doc. No. 1 at 9 ("This interpretation of fact over allegation was noted in a previously filed lawsuit filed by Plaintiff.").) In February 2017, Plaintiff filed a *pro se* civil rights action under Section 1983 in this Court involving the same Defendants and facts. See Burley v. United Parcel Serv., No. 3:17-cv-00370, Doc. No. 1 (M.D. Tenn. Feb. 16, 2017). The Court dismissed the case, in part, because it was barred by the applicable statute of limitations. Id., Doc. No. 4 at 2 (M.D. Tenn. Feb. 28, 2017). And despite Plaintiff's argument to the contrary, his current Section 1983 claims are subject to dismissal for that same reason.

For claims brought under Section 1983 in Tennessee, the statute of limitations is one year. Jordan v. Blount Cty., 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). "[T]he accrual date of a [Section] 1983 cause of action is a question of federal law." Wallace v. Kato, 549 U.S. 384, 388 (2007). The "standard rule" is that "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." Harrison v. Michigan, 722 F.3d 768, 773 (6th Cir. 2013) (quoting Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996)).

4

Here, the acts providing the basis for Plaintiff's Section 1983 claims occurred in October 2015. And as demonstrated by the previous lawsuit filed in February 2017, Plaintiff has been aware of the injuries supposedly resulting from these acts for several years. Plaintiff attempts to escape this conclusion by essentially arguing that the statue of limitations did not start running until October 2019, when Defendant Humphries-Dixon "substantiated" the underlying facts through "sworn testimony" at Plaintiff's criminal trial. (Doc. No. 1 at 9–10.) But this argument has no bearing on the fact that Plaintiff plainly "kn[ew] that the act providing the basis of his . . . [alleged] injury ha[d] occurred" well before then. See Harrison, 722 F.3d at 773. Accordingly, Plaintiff's Section 1983 claims are untimely.

### 2. Obstruction of Correspondence

Plaintiff also asserts that Defendants Humphries-Dixon violated the "Federal Code against Obstruction of Correspondence." (Doc. No. 1 at 8.) Under 18 U.S.C. § 1702, an individual who "obstruct[s] the correspondence" or "pr[ies] into the business or secrets" of another person by taking mail may be subject to criminal penalties. But this statute "do[es] not give rise to a private cause of action." Howard v. Lackey, No. 7:16-129-KKC, 2018 WL 1211113, at *2 (E.D. Ky. Mar. 7, 2018) (collecting cases). Thus, to the extent that Plaintiff is attempting to assert a civil claim based on the alleged violation of this criminal statute, he will be denied.

### 3. State Law Claims

Finally, Plaintiff asserts a claim for negligence (Doc. No. 1 at 9), which arises under state law. See Faber v. Ciox Health, LLC, 944 F.3d 593, 597–60 (6th Cir. 2019) (analyzing plaintiffs' negligence claim under Tennessee law). The Court does not have diversity jurisdiction over this or any other state law claim asserted in the Complaint. That is because "diversity jurisdiction has been interpreted to demand complete diversity, that is, that no party share citizenship with any

opposing party." <u>Caudill v. N. Am. Media Corp.</u>, 200 F.3d 914, 916 (6th Cir. 2000) (citations omitted). And here, the face of the Complaint reflects that that both Plaintiff and Defendant Humphries-Dixon are citizens of Tennessee. (Doc. No. 1 at 1–3.)

Although the Court may exercise supplemental jurisdiction over Plaintiff's state-law claim because his Section 1983 claims arise under federal law, <u>see</u> 28 U.S.C. § 1367(a), the Court declines to do so. The Court may "decline to exercise supplemental jurisdiction over state-law claims if '[it] has dismissed all claims over which it has original jurisdiction . . . .'" <u>Brown v. Cuyahoga Cty., Ohio</u>, 517 F. App'x 431, 436 (6th Cir. 2013) (quoting 28 U.S.C. § 1367). That is the case here.

### III. Conclusion

For these reasons, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED** and this action is **DIMISSED**. Specifically, Plaintiff's federal claims are **DISMISSED WITH PREJUDICE** and his state-law claims are **DISMISSED WITHOUT PREJUDICE**.

For the same reasons that the Court dismisses this action, the Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed *in forma pauperis* on any appeal.

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE